COURT OF APPEALS,

Nov. 24, 1914.

# THE PEOPLE v. ALEXANDER SKWIRSKY.

(213 N. Y. 151.)

MURDER—INSANITY—WHEN DEFENDANT CONVICTED OF MURDER BE-
COMES INSANE AFTER JUDGMENT OF DEATH, ARGUMENT OF APPEAL
FROM JUDGMENT MUST BE POSTPONED UNTIL DEFENDANT IS RESTORED
TO SANITY.

    Subsequent to the rendition of judgment of death against the
appellant, he manifested symptoms of insanity, and a commission
appointed by the governor found him to be mentally unsound, and
he was thereupon committed to the hospital for insane criminals
at Dannemora, where he has ever since remained and now is.
*Held*, that an order should be entered enlarging the time for the
argument of the appeal of this court until the appellant's restora-
ation to sanity is certified to the governor, when the case may be
brought on for argument upon notice by the district attorney.
Code Crim. Pro. §§ 495a–499.)

MOTION by the district attorney of New York county
for judgment of affirmance without argument.

Motion by counsel for appellant for leave to withdraw ap-
peal.

*Terence J. McManus* for appellant.

*Charles S. Whitman, District Attorney (Louis Fabricant*
of counsel,) for respondent.

WILLARD BARTLETT, Ch. J.:

    The circumstances of this case are peculiar. The appel-
lant was convicted of the crime of murder in the first degree on

the 26th day of February, 1913. Judgment of death was duly pronounced against him, and a notice of appeal therefrom served upon the district attorney on April 8th, 1913. Subsequent to the rendition of the judgment the appellant manifested symptoms of insanity, and a commission appointed by the govenor, pursuant to the provisions of section 495a of the Code of Criminal Procedure, found him to be mentally unsound, and he was thereupon committed to the hospital for insane criminals at Dannemora, where he has ever since remained and now is. It appears from two letters from the medical superintendent of that institution, which are incorporated in the affidavit read in behalf of the appellant upon these motions, that the patient is an epileptic, suffering from a form of that disease which gives a hopeless prognosis; and in one of these letters the superintendent expresses the opinion that at his age there is very little likelihood of the patient's recovery.

Under the provisions of the Code of Criminal Procedure a prisoner under the sentence of death who has been committed to a state hospital as insane upon the finding of a commission, as in the present case, must remain there " until restored to his right mind." When he is cured of his insanity it is the duty of the superintendent of such hospital to report that fact to the state commission in lunacy and to a justice of the Supreme Court of the district in which the hospital is situated, which justice, if satisfied of the truth of the report, must make a certificate of that fact and cause the convict to be returned to the custody of the warden of the state prison whence he came. (Code Crim. Pro. section 495a.) The governor upon the receipt of the certificate of the Supreme Court justice, and as soon as he is satisfied of the sanity of the defendant, or of his restoration to sanity, must issue his warrant appointing a time and place for the execution of the defendant pursuant to his sentence unless the sentence is commuted or the convict pardoned. (Code Crim. Pro. section 499.)

These provisions, and others relating to the insanity of defendants in criminal cases, clearly manifest the intention of the legislature that legal proceedings for the punishment of a person accused of crime shall be suspended while he is mentally deranged.   This is probably because an insane defendant is unable to advise his counsel of facts which may be material to his defense upon his trial or, in the event of an appeal, to confer with his counsel in reference to the argument thereof; but whatever may be the reason, the intent is so plain that it ought not to be disregarded.   If the prognosis of the medical superintendent in the present case is correct, the appellant will die without recovering his reason, but in disposing of these motions we must assume the possibility of his recovery.   Upon that assumption the proper disposition of the case requires the denial of both motions and the entry of an order enlarging the time for the argument of the appeal until the appellant's restoration to sanity is certified to the governor under section 495a of the Code of Criminal Procedure, when the case may be brought on for argument upon one month's notice by the district attorney.   This will insure a prompt disposition of the case if the defendant recovers his reason; and if he does not, the law positively forbids the enforcement of the judgment of death against him.

HISCOCK, CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Motions denied.