[No. 35163.   Department Two.   March 3, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. MELVIN MODE, *Appellant*.[1]

[1]Reported in 349 P. (2d) 727.

*Melvin Mode, pro se.*

*Wayne Roethler,* for respondent.

WEAVER, C. J.—This matter is before the court upon (1) the motion of the prosecuting attorney of Cowlitz county to dismiss appellant's appeal and to affirm the original judgment and sentence, or, in the alternative, to strike appellant's brief; and (2) appellant's motion for an extension of time in which to file *proper* briefs, and for appointment of counsel.

Appellant was represented at trial by two court-appointed counsel. After a verdict of guilty on two counts charging carnal knowledge, the superior court of Cowlitz county entered judgment and sentence on April 3, 1959.

April 29, 1959, appellant filed a written notice of appeal.

May 19, 1959, a third attorney was appointed by the superior court to represent appellant in an appeal to this court. From his affidavit dated June 5, 1959, it appears

" . . . that the defendant [appellant] refused to accept affiant's statements as based on fact, and stated that I (affiant) did not believe in his case and that he (defendant) would handle his own appeal. . . . That defendant reiterated his position that if he couldn't get an attorney to do what he felt had to be done, he would handle his own appeal. . . . [T]hat affiant was so discharged by the Court on *June 1, 1959,* subject only to the completion and transmittal to the Supreme Court of a Petition on behalf of the defendant praying that he be allowed to appeal in Forma Pauperis, which petition was transmitted on June 1, 1959." (Italics ours.)

June 2, 1959, the clerk of the supreme court received and filed a "Motion and Affidavit for Order Permitting Defendant to Appeal in Forma Pauperis." The affidavit, dated May 28, 1959, is signed by defendant (appellant) and acknowledged by counsel appointed to prosecute the appeal. It states, among other things,

" . . . that affiant is without funds with which to employ counsel to represent him on said appeal, *and counsel has been appointed for this purpose.*" (Italics ours.)

It was *not* disclosed to the chief justice (the writer of this opinion) that counsel appointed to prosecute the appeal

" . . . was so discharged by the court on June 1, 1959, subject only to the completion and transmittal to the Supreme Court of a Petition on behalf of the defendant praying that he be allowed to appeal in Forma Pauperis, which petition was transmitted on June 1, 1959."

June 2, 1959, the chief justice granted appellant's application to proceed in this court in *forma pauperis.* Rule on Appeal 47, RCW, Vol. 0, effective January 2, 1951.

The prosecuting attorney for Cowlitz county states in his brief that the superior court then proceeded pursuant to the rules we announced in *In re Woods v. Rhay,* 54 Wn. (2d) 36, 338 P. (2d) 332 (1959), and, on June 9, 1959, entered an order that recited

" . . . that Counsel has been appointed for the purpose of representing the defendant upon the appeal of this cause, but that the defendant has declined counsel and has manifested his intention to prosecute his own appeal, without assistance of counsel . . ."

The order further states

" . . . [T]hat defendant be, and he hereby is granted, *at public expense,* a complete transcript of the proceedings in this cause, said transcript to be prepared by the court reporter." (Italics ours.)

The order also extended, by thirty days, the time for filing the statement of facts. Pursuant to this order, a two-volume statement of facts, containing two hundred and seventy-seven pages prepared at county expense, was certified and filed June 29, 1959.

Rule of Pleading, Practice and Procedure 101.24W, RCW, Vol. 0 (54 Wn. (2d) xci,), provides:

"Whenever a trial judge, in the exercise of his discretion, authorizes the expenditure of county funds on behalf of an indigent defendant to perfect a review by the Supreme Court, he shall, at the same time, appoint a member of the bar of this state to represent said defendant on said review, unless the defendant is represented other than *pro se.*"

In so far as the record before us discloses, counsel appointed to prosecute this appeal was relieved of his duties by the court on June 1, 1959, eight days before the court authorized the transcription of a statement of facts at county expense; hence, Rule of Pleading, Practice and Procedure 101.24W was not followed.

The purpose of rule 101.24W is at least three-fold: First, it is to furnish indigents with competent, technical help in the intricacies of appellate procedure when the superior court authorizes a statement of facts at county expense so that this court can review the case in accordance with established practices; second, it is to provide the indigent appellant with an advocate for his cause; and third, it is to prevent a waste of public funds, expended for a statement of facts, by not placing the statement in the sole possession of one devoid of knowledge as to what it is for or how it should be used.

A lawyer appointed to prosecute an appeal for an indigent appellant not only performs one of the highest duties of his profession, but, as an officer of *this* court, makes it possible for us to consider the merits of the appeal in

accordance with the rules on appeal. This in no wise prevents the indigent appellant, should he become disgruntled, from supplementing efforts of counsel.

In his oral argument before this court, in support of his motion to dismiss appellant's appeal and affirm the original judgment and sentence, or, in the alternative, to strike appellant's brief, the prosecuting attorney of Cowlitz county said:

"I'm in a quandary as to what it says [appellant's brief], and I'm sure that some members of the court here have looked at that. And I think, under the circumstances, that if my motion to dismiss is denied, that *I would probably have to submit the matter on the record* and let it go at that because I don't see how it can be answered; and I don't think that this man is probably capable of preparing anything better. I'm not trying to compel a man to do the impossible; but I'm sure that there is a problem there. You can see the problem. *I suppose that I'm going to have to throw the record open and let it be searched for error.*" (Italics ours.) (Quotation from tape recording of oral argument in the supreme court.)

The dilemma in which this places this court is apparent. We cannot be both advocate and judge.

It would serve no useful purpose to describe the fumblings and time-lags that have taken place in this appeal, all because appellant did not know how to handle it. We have jurisdiction, however, because timely notice of appeal was given.

We adopt respondent's description of appellant's brief.

"Appellant's entire brief is a mixed up confused mass of verb[il]age [sic], thus making it impossible for respondent to intelligently answer appellant's brief. Since appellant's entire brief is defective, no useful purpose would be served in setting forth each and every defect, as to do so would make this brief unduly long."

■ Our disposition of the various matters is as follows:

(a) Appellant's brief is stricken;

(b) The motion to affirm the original judgment and sentence is denied;

(c) The case is remanded to the superior court of Cow-

litz county, with directions to appoint counsel forthwith to represent appellant and to prosecute this appeal;

(d) Time for filing appellant's opening brief shall be computed from the date of appointment of counsel.

It is so ordered.

HILL, DONWORTH, FINLEY, and FOSTER, JJ., concur.