222 P.3d 86 (2009)
STATE of Washington, Respondent,
v.
Atif RAFAY and Glen Sebastian Burns, Petitioners.
No. 80865-1.
Supreme Court of Washington, En Banc.
Argued March 18, 2008.
Decided December 10, 2009.
Reconsideration Denied January 19, 2010.
*87 Elaine L. Winters, Washington Appellate Project, Jason Brett Saunders, Gordon & Saunders PLLC, Seattle, WA, for Petitioners.
Deborah A. Dwyer, Brian Martin McDonald, King Co. Prosecutor's Office/Appellate Unit, David Bruce Koch, Nielsen Broman & Koch PLLC, Seattle, WA, for Respondent.
STEPHENS, J.
¶ 1 Petitioner Glen Sebastian Burns[1] was convicted of three counts of aggravated first-degree murder in 2004. He appealed and requested to appear pro se and allow counsel to withdraw. The Court of Appeals denied his request. Before this court, he argues he has a constitutional right to represent himself on appeal. We agree and hold that article I, section 22 of the Washington State Constitution guarantees a right of self-representation on appeal. As with the other constitutional guaranties, however, this right is not absolute. Because the record does not reveal the basis for the Court of Appeals' order denying Burns's motion, we remand for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
¶ 2 Along with his childhood friend Atif Rafay, Burns was charged with the murders of Rafay's parents and sister. On October 22, 2004, Rafay and Burns were each convicted of three counts of aggravated first-degree murder and sentenced to life in prison.
¶ 3 Burns was assigned appellate counsel through the Washington Appellate Project and timely appealed his conviction. On August 20, 2007, after his attorneys filed Burns's opening brief but before the State submitted its response brief, Burns moved for an order to represent himself pro se during the appeal and have his counsel withdraw pursuant to Rules of Appellate Procedure (RAP) 18.3(a)(1). Along with the motion, Burns submitted a declaration averring that he understands the impact of appearing pro se on appeal, particularly as an incarcerated person, including the fact that he may not be allowed to present oral argument. The prosecuting attorney opposed the motion.
¶ 4 A commissioner of the Court of Appeals initially granted Burns's motion by notation on August 27, 2007. After the State submitted its response on September 5, 2007, the commissioner withdrew the ruling and referred the matter to a three-judge panel for consideration. Burns filed a reply on September 13, 2007. On October 8, 2007, the Court of Appeals panel denied the motion in a one-page order, without setting forth its reasoning.
¶ 5 We granted Burns's motion for discretionary review of the Court of Appeals' decision.

ANALYSIS
¶ 6 Burns claims a right of self-representation on appeal under article I, section 22 of the Washington State Constitution. He *88 acknowledges that the Sixth Amendment to the United States Constitution, while securing a right of self-representation at trial, does not afford such a right on appeal. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Martinez v. Court of Appeal, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000).[2]
¶ 7 We have not before considered whether article I, section 22 of our state constitution affords a right of self-representation on appeal. The parties analyze the question under the six nonexclusive, neutral criteria of State v. Gunwall, 106 Wash.2d 54, 58, 720 P.2d 808 (1986): "(1) the textual language; (2) differences in the texts; (3) constitutional history; (4) preexisting state law; (5) structural differences; and (6) matters of particular state or local concern."[3]
¶ 8 Article I, section 22 of the Washington State Constitution provides:
In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases. . . .
We agree with Burns that a textual analysis of this provision supports finding a right of self-representation on appeal. First, it expressly acknowledges the accused's right "to appear and defend in person, or by counsel." This disjunctive phrasing was deliberately chosen by the framers of our constitution, who rejected a prior draft that read, "`and by counsel.'" Quentin Shipley Smith, Analytical Index to The Journal of the Washington State Constitutional Convention 1889, at 511 (Beverly Paulik Rosenow ed., 1999). Article I, section 22 also contains an express right to appeal among the rights of the accused. Ours was the first state constitution to include such language. James E. Lobsenz, A Constitutional Right to an Appeal: Guarding Against Unacceptable Risks of Erroneous Conviction, 8 U. Puget Sound L.Rev. 375, 376 (1985).
¶ 9 The State argues there is no connection between the provision's guaranty of a right to appear and defend in person in criminal prosecutions and its guaranty of a right to appeal in all cases. State's Suppl. Br. at 6-7. In sum, the State contends the right to appeal is not personally held by the defendant because the right is not contained in the same clause as the words "in person." This reading of article I, section 22 is untenable; the words "in person" are similarly separated from the other guaranties that follow the opening clause, yet these are necessarily personally held rights. For example, we do not need the words "in person" to describe the personal nature of an accused's right to testify in his own behalf and confront witnesses against him.
¶ 10 Regardless of the grammatical distance between the "right to appeal" and the words "defend and appear in person," the right to appeal is no less a personally held right than are the other guaranties found in article I, section 22. Courts have long recognized the importance of individual autonomy with respect to the rights of the accused. As the United States Supreme Court has observed:
The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, *89 who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of "that respect for the individual which is the lifeblood of the law."
Faretta, 422 U.S. at 834, 95 S.Ct. 2525 (quoting Illinois v. Allen, 397 U.S. 337, 350-51, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (Brennan, J., concurring)). This reasoning is persuasive whether the defendant wants to make his own case at trial or on appeal. It remains he who bears the personal cost if his bid is unsuccessful. Because the right to appeal, like the other rights enumerated in article I, section 22, must be personally held, the provision as a whole must be construed as guaranteeing a right of self-representation on appeal.
¶ 11 State constitutional and common law history bolsters this conclusion. Though lower courts have observed with respect to article I, section 22 that "[s]cant accessible history exists regarding the intentions of the framers of the Washington Constitution," State v. Silva, 107 Wash.App. 605, 619, 27 P.3d 663 (2001), we are not entirely without guidance. It is clear, for example, that Washington was the first state to set forth an express right to appeal among the rights of the accused, though almost all of the states historically recognized some form of discretionary appellate review. Martinez, 528 U.S. at 159 n. 7, 120 S.Ct. 684; Lobsenz, supra, at 376. From this we may fairly surmise that where an appeal is concerned, the framers of our constitution intended to provide for broader rights under article I, section 22 than those guaranteed under the Sixth Amendment. See generally Robert F. Utter & Hugh D. Spitzer, The Washington State Constitution: A Reference Guide 36 (2002) (noting that with regard to an appeal right, article I, section 22 provides greater protection than its federal counterpart). The very deliberate choice to include a right to appeal among the panoply of other personally held rights thus provides some historical evidence favoring recognition of a right of self-representation on appeal.
¶ 12 In support of its assertion that state common law forecloses a constitutional right of self-representation on appeal, the State cites State v. Mode, 55 Wash.2d 706, 709, 349 P.2d 727 (1960), which emphasizes the value of having counsel on appeal. State's Suppl. Br. at 7-8. But the court in Mode did not address article I, section 22 and did not evaluate the important concerns surrounding autonomy and the personally held right to defend  whether against a charge at trial or a conviction on appeal. In the years since Mode, we have acknowledged the personal nature of the right to appeal. See State v. Sweet, 90 Wash.2d 282, 581 P.2d 579 (1978) (rejecting presumption favoring waiver of defendant's right to appeal); State v. Tomal, 133 Wash.2d 985, 948 P.2d 833 (1997) (holding dismissal of appeal for attorney's failure to file notice violated defendant's right to appeal). Given the value we place on the accused's personal decision-making in this area, we cannot agree that state constitutional and common law history favor the rejection of a right of self-representation on appeal. To the contrary, such history reinforces the textual support for recognition of the right. Today, we expressly recognize the existence of a right of self-representation on appeal under article I, section 22.
¶ 13 Having done so, we also recognize the interplay between this right and other, sometimes dissonant, rights. Specifically, the right of self-representation is the other side of the coin of the right to counsel. The right to counsel attaches at all critical stages of criminal proceedings  including the first appeal  under article I, section 22. See State v. Robinson, 153 Wash.2d 689, 107 P.3d 90 (2005) (recognizing first appeal as critical stage). We have recognized that a criminal defendant may waive counsel and proceed pro se so long as this waiver is knowing, intelligent, and voluntary. State v. DeWeese, 117 Wash.2d 369, 375-77, 816 P.2d 1 (1991). Thus, in both trial and appellate proceedings, courts must carefully balance the dissonant rights to counsel and to self-representation when a defendant seeks to proceed pro se. To this end, courts should be guided by the substantial body of law addressing appointment and waiver of counsel at all critical stages of criminal proceedings.
*90 ¶ 14 As with the right of self-representation at trial, the right of self-representation on appeal is neither self-executing nor absolute. See State v. Kolocotronis, 73 Wash.2d 92, 98, 436 P.2d 774 (1968); see also State v. Fritz, 21 Wash.App. 354, 358-63, 585 P.2d 173 (1978). In both Fritz and State v. Breedlove, 79 Wash.App. 101, 900 P.2d 586 (1995), the Court of Appeals considered common-sense procedures for implementing the right of self-representation at trial. Fritz, 21 Wash.App. at 358-63, 585 P.2d 173; Breedlove, 79 Wash.App. at 106-10, 900 P.2d 586. While the rules on appeal do not specifically address waiver of counsel or self-representation, an appellate court has broad discretion to proceed under RAP 17.1(a) or fashion an appropriate procedure under RAP 1.1(i).[4]
¶ 15 Moreover, in this case, RAP 18.3(a)(1) provides the parameters for the exercise of Burns's constitutional right to self-representation because Burns did not request to proceed pro se until after counsel was appointed for him. See State v. Hairston, 133 Wash.2d 534, 536, 946 P.2d 397 (1997) ("In this jurisdiction once appellate counsel is appointed in a criminal matter counsel may withdraw only with the court's permission. RAP 18.3(a)(1)."). Though a constitutional right is not supplanted by a court rule, the court rule may incorporate the right and provide guidance on how it should be effectuated. See T.S. v. Boy Scouts of Am., 157 Wash.2d 416, 430-32, 138 P.3d 1053 (2006) (a trial court's application of Superior Court Civil Rule 26(c) necessarily involves weighing privacy interests protected by article I, section 7).
¶ 16 RAP 18.3(a)(1) sets forth a good cause standard that a court should use in determining when appellate counsel can withdraw and the defendant can proceed pro se.[5]Hairston, 133 Wash.2d at 536, 946 P.2d 397. "Good cause" is not defined in the rule, but good cause generally depends on the circumstances and context at hand. See, e.g., State v. Dahl, 139 Wash.2d 678, 686, 990 P.2d 396 (1999) (noting that in the context of revocation hearings, "good cause" for allowing hearsay testimony has been defined in terms of the difficulty and expense of procuring live witnesses). As in other contexts involving a withdrawal of counsel, courts have discretion to determine whether the defendant presents good cause. State v. Stenson, 132 Wash.2d 668, 737, 940 P.2d 1239 (1997); DeWeese, 117 Wash.2d at 379, 816 P.2d 1. In addition, even where good cause may exist, the timing of the defendant's request may be so tardy as to compromise the execution of an orderly and timely appeals process. See State v. Bebb, 108 Wash.2d 515, 524, 740 P.2d 829 (1987) (observing request to proceed pro se must be timely made). In a situation where the defendant is not allowed to represent himself on appeal, he still has the opportunity to file a pro se statement of additional grounds under RAP 10.10. See State v. McDonald, 143 Wash.2d 506, 511 n. 3, 22 P.3d 791 (2001) (noting that even if the right to self-representation on appeal is denied, a defendant can raise separate issues in pro se statement of additional grounds).[6] Recognizing a hopeful pro se's procedural opportunity for recourse short of complete self-representation is consistent with our jurisprudence in the area of self-representation. It acknowledges that reasonable limits on the right may be necessary in some cases because of countervailing prudential and constitutional *91 considerations. See, e.g., Kolocotronis, 73 Wash.2d at 98, 436 P.2d 774; Breedlove, 79 Wash.App. at 105-12, 900 P.2d 586. But where a defendant presents good cause not outweighed by countervailing concerns, courts must proceed in a manner that respects the defendant's exercise of the right to self-representation.
¶ 17 We turn now to the question of whether the Court of Appeals in this case properly denied Burns's motion. Where an appellate rule is discretionary, this court reviews the lower court's application of the rule for abuse of discretion. See Roberson v. Perez, 156 Wash.2d 33, 42, 44, 123 P.3d 844 (2005). A court abuses its discretion when an "order is manifestly unreasonable or based on untenable grounds." Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 339, 858 P.2d 1054 (1993). A discretionary decision "is based `on untenable grounds' or made `for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." State v. Rohrich, 149 Wash.2d 647, 654, 71 P.3d 638 (2003) (quoting State v. Rundquist, 79 Wash.App. 786, 793, 905 P.2d 922 (1995)). Moreover, a court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law." Fisons, 122 Wash.2d at 339, 858 P.2d 1054.
¶ 18 Because the Court of Appeals was completely silent as to the reasons for denying Burns's motion, we cannot say whether it rested its decision on facts supported by the record. Nor can we be sure what legal standard the Court of Appeals applied, as it did not specify whether it based its ruling on a belief that Burns had no constitutional right to self-representation, or on RAP 18.3(a)(1), or on some other basis entirely. Depending on what the Court of Appeals thought about Burns's constitutional right, or to what extent the court did or did not incorporate RAP 18.3(a)(1) into its reasoning, it may be that it abused its discretion per se based on an erroneous interpretation of law. See Fisons, 122 Wash.2d at 339, 858 P.2d 1054.
¶ 19 In some instances, we may overlook a court's abuse of discretion if its decision can be affirmed on any ground within the pleadings and the proof. Rohrich, 149 Wash.2d at 654, 71 P.3d 638 (recognizing that inappropriate dismissal of charges can be affirmed on other grounds so long as defendant raised and proved sufficient grounds for dismissal). But such a rule presupposes that we have some knowledge of the reasons upon which the lower court based its decision, and the rule should not apply where, as here, we have no insight into the lower court's reasoning. See State v. Hampton, 107 Wash.2d 403, 409, 728 P.2d 1049 (1986) ("Because the trial court did not provide any reasons for its decision, we cannot say it based its decision on tenable grounds or reasons.").

CONCLUSION
¶ 20 We hold that article I, section 22 guarantees a criminal defendant's right of self-representation on appeal. As with other constitutional provisions, this right is not without limits or qualifications. We reverse the order denying Burns's motion to proceed pro se and remand to the Court of Appeals for further proceedings consistent with this opinion.[7]
WE CONCUR: GERRY L. ALEXANDER, C.J., CHARLES W. JOHNSON, BARBARA A. MADSEN, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, JJ.
NOTES
[1] Burns's case is captioned under the name of his codefendant, Atif Rafay.
[2] In Faretta, the United States Supreme Court concluded that the right of self-representation at trial is "necessarily implied" by the structure of the Sixth Amendment. 422 U.S. at 819, 95 S.Ct. 2525. But because the Sixth Amendment does not apply to appellate proceedings, that Court in Martinez concluded, "[i]t necessarily follows that the Amendment itself does not provide any basis for finding a right to self-representation on appeal." 528 U.S. at 160, 120 S.Ct. 684.
[3] In Gunwall we noted that these criteria are useful in "helping to insure that if this court does use independent state constitutional grounds in a given situation, it will consider these criteria to the end that our decision will be made for well founded legal reasons and not by merely substituting our notion of justice for that of duly elected legislative bodies or the United States Supreme Court." Gunwall, 106 Wash.2d at 62-63, 720 P.2d 808.
[4] The parties suggest that it may be necessary for a trial court to conduct a colloquy to assure that a defendant asserting his right to self-representation on appeal makes a knowing, intelligent, and voluntary waiver of his right to counsel. Consideration of this issue is premature here in light of our conclusion, discussed below, that this case must be remanded for further proceedings in the Court of Appeals. Nothing in our opinion forecloses an appellate court from determining that a colloquy is necessary before allowing a defendant to proceed pro se or that this colloquy should be undertaken in the trial court.
[5] Of course, RAP 18.3(a) also contemplates a situation in which appellate counsel withdraws in order to be replaced by different counsel.
[6] Contrary to the State's argument, RAP 10.10 does not reflect the sum total of a defendant's right to self-representation on appeal. See State's Suppl. Br. at 11-14. We merely observed in McDonald that, given the ability to raise separate issues in pro se briefing under RAP 10.10, a defendant is not entirely denied the opportunity to represent himself. 143 Wash.2d at 511 n. 3, 22 P.3d 791. We did not address the constitutional issues raised here. Id.
[7] Burns also raises equal protection and due process claims, arguing disparate treatment because a nonindigent defendant on appeal "would certainly have the right to decline to retain counsel on appeal and be left to represent himself." Mot. for Discretionary Review, App. B at 8. There is no disparate treatment here. Under our holding, every defendant has a right to appeal, and, subject to limitation, every defendant has a right to self-representation on appeal. Likewise, Burns's motion was governed by RAP 18.3(a), which applies to withdrawal of any defendant's counsel, indigent or not. Thus, there is no disparate treatment to offend a defendant's right to equal protection under the law.