IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| STATE OF WASHINGTON, | ) | |
| | ) | No. 32182-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHANE ALLAN JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Shane Allan Jones appeals from a trial court order denying his

RCW 10.73.170 motion for DNA (deoxyribonucleic acid) testing of evidence regarding

his 2003 conviction upon a plea of guilty to two counts of first degree child rape. Jones

contends the trial court abused its discretion by summarily denying his motion on the

ground that he did not show a likelihood that DNA evidence would demonstrate

innocence on a more probable than not basis. We affirm the denial on the ground that no

biological evidence was tested at the time of the prosecution.

FACTS AND PROCEDURAL HISTORY

In 2003, Shane Allan Jones entered a guilty plea to two counts of first degree child

rape. The crimes occurred in 1995 and 1998 and involved separate victims, well known

to Jones, who were ages two and six at the time of the respective crimes. Law enforcement investigated the incidents beginning in May of 2002, when the children disclosed that he sexually abused them. One child described Jones engaging in oral penile contact with him. The other child related giving oral sex and masturbating Jones. Jones admitted to the crimes in his signed guilty plea statement and in a subsequent interview with the presentence investigator. The State did not rely on any physical or biological evidence. The trial court imposed on Jones a 216-month prison sentence on November 17, 2003.

On December 6, 2013, Shane Allan Jones filed in the superior court a motion under RCW 10.73.170 for DNA testing of "all of the physical evidence collected" in the case. Clerk's Papers (CP) at 61. In his supporting affidavit, Jones requested testing "upon the grounds that (1) the conviction rested primarily on eyewitness identification evidence, (2) there is demonstrable doubt concerning [his] identification as the perpetrator, and (3) DNA testing would likely be conclusive on that issue." CP at 63. Also on December 6, the court entered an order summarily denying the motion on the bases that (1) Jones plead guilty to the charges in May 2003, and (2) he had not shown a likelihood that DNA evidence would demonstrate innocence on a more probable than not basis. We stayed this appeal pending the Supreme Court's decision and mandate in *State v. Crumpton*, 181 Wn.2d 252, 332 P.3d 448 (2014).

ANALYSIS

In *State v. Crumpton*, 181 Wn.2d 252, 332 P.3d 448 (2014), our state high court held that the trial court must presume that DNA test results would be favorable to a convicted defendant when deciding whether he has shown a likelihood that DNA evidence would probably demonstrate his innocence. The sole issue on appeal is whether the trial court erred in denying Shane Allan Jones' motion for DNA testing because it failed to follow the presumption.

A trial court's decision on a motion for postconviction DNA testing is reviewed for abuse of discretion. *State v. Riofta,* 166 Wn.2d 358, 370, 209 P.3d 467 (2009). A court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds. *State v. Rafay*, 167 Wn.2d 644, 655, 222 P.3d 86 (2009). A decision is based upon untenable grounds or made for untenable reasons if it is made on facts unsupported in the record or is reached by applying the wrong legal standard. *Id.*

RCW 10.73.170 allows a convicted person currently serving a prison sentence to petition the trial court for postconviction DNA testing. The petitioner must satisfy both procedural and substantive requirements of the statute. RCW 10.73.170(2), (3). The statute provides in pertinent part:

> (1) A person convicted of a felony in a Washington state court who currently is serving a term of imprisonment may submit to the court that entered the judgment of conviction a verified written motion requesting DNA testing, with a copy of the motion provided to the state office of public defense.
> (2) The motion shall:

3

(a) State that:
(i) The court ruled that DNA testing did not meet acceptable scientific standards; or
(ii) DNA testing technology was not sufficiently developed to test the DNA evidence in the case; or
(iii) The DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information;
(b) Explain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement; and
(c) Comply with all other procedural requirements established by court rule.
(3) The court shall grant a motion requesting DNA testing under this section if such motion is in the form required by subsection (2) of this section, and the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis.

The statute requires a trial court to grant a motion for postconviction testing when exculpatory results would, in combination with other evidence, raise a reasonable probability the petitioner was not the perpetrator. *State v. Riofta*, 166 Wn.2d at 370.

In *Crumpton*, the Supreme Court held that a trial court should presume DNA evidence would be favorable to the convicted individual when determining if it is likely the evidence would prove their innocence. *State v. Crumpton*, 181 Wn.2d at 255, 260. In holding that this presumption is part of the standard in RCW 10.73.170, the Supreme Court explained:

> A court should look to whether, considering all the evidence from the trial and assuming an exculpatory DNA test result, it is likely the individual is innocent on a more probable than not basis. If so, the court should grant the motion and allow testing to be done. Only then can it be determined whether the DNA actually exculpates the individual and if the results could be used to support a motion for new trial.

4

*Id.* at 260-61. The Supreme Court further observed that "[m]any innocent individuals have been exonerated through postconviction DNA tests, including some who had overwhelming evidence indicating guilt." *Id.* at 261-62.

Shane Allan Jones contends that his conviction fulfills the Supreme Court's observation because, despite his guilty plea, he is likely innocent if the DNA does not match. He thus contends that, under *Crumpton*, the trial court should have evaluated the likelihood of innocence based on a presumed favorable test result, not the likelihood of a favorable test result in the first place. He argues that, since the record does not confirm that the trial court applied the favorable presumption, this court must find an abuse of discretion and remand to the trial court to apply the proper standard to his motion.

We agree with Shane Allan Jones that the trial court record does not reflect that the lower court applied the favorable presumption. We conclude, however, that any failure to apply the presumption does not constitute error. A motion for DNA testing and the Supreme Court's imposition of the presumption serves no purpose when law enforcement never collected any physical or biological evidence in the case. Jones' guilty plea, conviction, and sentencing was based solely on the children's disclosures and his admissions. His identity as the perpetrator was never in question during plea proceedings.

Shane Allan Jones cannot satisfy the procedural requirements of RCW 10.73.170(2)(a) because the State conducted no testing that failed to meet acceptable

5

scientific standards; the State possessed no evidence unable to be tested due to insufficient technology; and current DNA testing would not provide any new significant information because of no prior testing. Since there is no DNA evidence to test and no prejudice shown by Jones, a remand for entry of more thorough findings or application of the favorable presumption to the trial court's decision under RCW 10.73.170(3) would be a useless and unnecessary act. An appellate court need not remand for a futile exercise. *Lambert v. Lambert*, 66 Wn.2d 503, 508, 403 P.2d 664 (1965).

### CONCLUSION

We affirm the trial court's denial of Shane Allan Jones' request for DNA testing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.

6