**FILED**

**SEPTEMBER 11, 2025**

**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39587-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IGNACIO COBOS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, A.C.J. — After pleading guilty to one count of second degree unlawful possession of a firearm, Ignacio Cobos, in propria persona, filed a handwritten notice of appeal. Among other things, he requested "appointment of counsel." Cobos was appointed appellate counsel who filed an opening brief for him. In the initial brief, his counsel asserted that (1) his plea was involuntary because Cobos did not understand the knowledge element of the crime, and (2) his unconstitutional convictions for drug possession impacted his offender score because it interfered with his possible wash-out conviction time he lost while incarcerated.

Following the filing of his initial brief, Cobos submitted several letters to this court, that we construe as motions, claiming he was "unlawfully" appointed counsel.

After his attorney was allowed to withdraw, Cobos filed motions arguing that he was being denied his right to counsel on appeal. Cobos was granted numerous opportunities to file a pro se reply brief and statement of additional grounds. When he failed to do so, the court considered the briefs waived.

As an initial matter, we deny both of Cobos's motions: the appointment of counsel was not unauthorized, and counsel was not denied at a critical stage of the proceeding. Cobos requested counsel in his notice of appeal and fails to show any prejudice from his appellate attorney's representation.

Turning to the issues raised by his former attorney in her opening brief, those arguments fail as well. First, the record reflects that Cobos understood the nature of the law and the facts behind the charge to which he was pleading guilty, and it was thus entered on a knowing and intelligent basis. Second, his argument regarding the wash-out provision for calculating a defendant's offender score is unsupported by authority and based on hypothetical facts and assumptions. Consequently, we affirm Cobos's conviction and sentence.

## BACKGROUND

Ignacio Cobos pleaded guilty to one count of second degree unlawful possession of a firearm in September 2022. At his plea hearing, Cobos represented himself with standby counsel present. The court asked Cobos whether he had a chance to look at the amended information and he responded that he did and confirmed he had a copy of it.

2

Cobos likewise confirmed he understood he was pleading guilty to second degree

unlawful possession of a firearm.  He informed the court he did not have any questions

regarding his plea paperwork and wanted to proceed.

On the record, the court reiterated Cobos's statement in his plea and confirmed,

> [I]t says here on the second to last page that you are pleading guilty to an
> amended information of one count of unlawful possession of a firearm in
> the second degree, and under your statement it says, "I possessed
> unlawfully a firearm in the State of Washington."

Rep. of Proc. (RP) at 19.  Cobos confirmed that was a correct statement.  Additionally, he

reiterated for a second time that he did not have any questions before entering a plea to

the charge and that he was able to speak with standby counsel.  The court then asked

"would the parties stipulate to the affidavit also as a purpose for the plea?"  RP at 20.

Neither the State nor Cobos objected.  Following this question, the court accepted

Cobos's guilty plea.

Following his guilty plea, on December 16, 2022, in propria persona, Cobos filed

a notice of appeal.  In addition, he filed a handwritten motion for an order of indigency to

the superior court.  In his motion, Cobos specifically asked the court to order the

following at public expense: his filing fee, clerk's papers, appointment of counsel, report

of proceedings, as well as the reproduction of briefs.

Defendant asks the court to order the following to be provided at public expense:
1. Filing fee
2. Clerk's Papers
3. Appointment of Counsel
4. Verbatim Report of Proceedings
5. Reproduction of Briefs and other documents.

The following certificate is made in support of this motion.
Dated this 15th day of December, 2022.

*Ignacio Cobos*, Defendant
In Propria Persona

CERTIFICATE

Motion for Order of Indigency, *State v. Cobos*, No. 39587-1-III (Wash. Ct. App. Mar. 15, 2023).

The court entered an order of indigency. Specifically, the court ordered the following to be paid at public expense: costs necessary for the production of clerk's papers, preparation of original documents, and filing fee. However, the court did not check the box for appointment of counsel.

Within the next few months, Cobos sent this court several letters indicating his frustration that he had not received any documents related to his case. Around this same time, the court sent a perfection letter and counsel was assigned to represent Cobos. Additionally, the court sent Cobos a letter acknowledging receipt of his letters and advised him that they had been forwarded to his appointed counsel and to contact his attorney if he had questions regarding his appeal.

4

On June 7, 2023, Cobos attempted to file a motion with this court, although both were rejected. In his motion, he objected to the court forwarding his letters to appointed counsel, arguing that his questions were directed to the court, not his attorney. This court responded, informing Cobos his documents were rejected for filing because, among other things, he was represented by counsel.

On August 7, Cobos's attorney filed an opening brief. A few weeks later, Cobos filed a handwritten objection to the court's appointment of counsel, claiming that he did not ask for, consent to, or authorize such representation. He stated that he directed a question to the clerk of the court, and in turn, the clerk directed him to counsel. This court responded by sending Cobos a letter informing him that an opening brief had been filed with the court and informed him that he may submit a statement of additional grounds for review (SAG) pursuant to RAP 10.10.

A few months later, Cobos submitted a formal grievance to the Washington State Bar Association, stating that his attorney continued to represent him without consent. Additionally, Cobos filed a motion for an order on appellant's objection to unlawful appointment of counsel. In facts relevant to the motion, he stated that the sentencing court did not authorize public funds for the appointment of counsel on appeal, he did not ask the court of appeals for appointment of counsel, the appellate court did not issue an order appointing counsel, and the appellate court did not give Cobos the opportunity to represent himself.

5

The following day, Cobos's attorney filed a motion requesting permission to withdraw as counsel.  She stated that Cobos's recent filings indicated grave dissatisfaction with her representation and that he had clearly stated he wanted her to withdraw as his attorney.  Furthermore, she pointed out that he had objected to her representation and had attached a document titled "Grievance Against a Lawyer."  Her request to withdraw was granted.

Cobos then submitted another letter with this court stating that his attorney had lied when she said that Cobos asked her to withdraw from his case and that at no time did he ever ask her to withdraw as counsel.  Cobos then submitted a motion requesting time to file a reply brief and requesting information regarding the attorney that would file it for him.  Additionally, he requested additional time to file his SAG.  Both extensions were granted by this court and the letter informed Cobos when his "pro se" reply brief and SAG were due.

In response, Cobos filed a motion for an order reversing and dismissing his case with prejudice based on the clerk's violation of his right to be represented by counsel and/or the right to represent himself.  The court responded, noting that the motion would be referred to the panel when the appeal was ready to be set.

A few days later Cobos sought to modify this ruling, objecting to this court's transformation of the reply brief to a pro se reply brief.  In response, this court denied the

motion to modify.  During this time, Cobos continued to send the court letters and submit other motions.

In January 2024, this court sent a letter to both parties explaining that the case was set for consideration on March 7, 2024, without oral argument.  A few weeks later, Cobos filed an objection to the hearing and also filed a motion to supplement the record.  This court granted his motion to supplement the record and informed Cobos that the matter would be reset after all briefing was completed.  Additionally, the letter provided Cobos with very specific details and deadlines for his case moving forward.  In particular, it explained that because Cobos is representing himself on appeal, he could file a reply brief and a SAG.

A few months later, this court sent the requested hearing transcript to Cobos and he was reminded that his reply brief and/or SAG were due by April 11, 2024.  Cobos responded, objecting to the case manager's statement of fact that Cobos was representing himself.  This court acknowledged the letter without response because it noted the matter had previously been addressed and Cobos was again reminded of the deadline to file his reply brief and/or SAG.

On April 16, Cobos filed a motion to extend the time to file his SAG.  The court denied the motion because Cobos was granted several extensions and the letter from March 29, 2024 clearly indicated that it must be filed by April 11, 2024.  This same letter informed Cobos his SAG and reply brief were deemed not filed.

The next month, Cobos filed a motion to modify the clerk's ruling to allow him to file a SAG. This court denied the motion to modify.

On May 28, 2024, Cobos filed another motion regarding the unlawful appointment of counsel. This court sent Cobos a letter informing him that the motion would be referred to the panel to be decided with the merits of the case.

On July 3, 2024, Cobos provided copies of documents filed with the Supreme Court pertaining to this court's June 10, 2024 order denying his motion to modify. This court stayed Cobos's appeal pending a decision from the Washington State Supreme Court.

On December 11, 2024, the stay was lifted after receiving an order terminating review from the Washington State Supreme Court. After receiving this notice, this court sent Cobos a letter informing him the stay was lifted and that his case would be placed on the next available docket. Cobos was then informed, on April 16, 2025, that his case was scheduled for consideration on June 5, 2025, without oral argument.

MOTIONS

Cobos contends he was denied his constitutional right to represent himself based on the unlawful appointment of counsel. Paradoxically, he argues he was denied counsel at a critical stage in this proceeding. Finally, he moves this court for an order withdrawing his attorney's opening brief. We deny each of these motions.

8

Both the United States and Washington Constitutions guarantee "'a criminal defendant both the right to assistance of counsel and the right to reject that assistance and to represent [oneself].'" Sixth and Fourteenth Amend to the United States Constitution; art. I, sec. 22 of the Washington Constitution; *State v. Gwin*, 31 Wn. App. 2d 295, 300, 548 P.3d 970 (2024) (quoting *State v. Silva*, 108 Wn. App. 536, 539, 31 P.3d 729 (2001)). These rights are mutually exclusive and do not include the right to hybrid representation or standby counsel. *Gwin*, 31 Wn. App. at 300. Moreover, while the constitution guarantees that an indigent defendant will have court-appointed counsel, defendants are not entitled to court-appointed counsel of their choice. *State v. Hampton*, 184 Wn.2d 656, 662-63, 361 P.3d 734 (2015).

The right of a criminal defendant to represent themselves on appeal "is neither self-executing nor absolute." *State v. Rafay*, 167 Wn.2d 644, 652, 222 P.3d 86 (2009). "While the rules on appeal do not specifically address waiver of counsel or self-representation, an appellate court has broad discretion to proceed under RAP 17.1(a) or to fashion an appropriate procedure under RAP 1.1(i)." *Id.* When a defendant requests to proceed pro se after being appointed counsel, RAP 18.3(a)(1) provides that counsel may withdraw on a showing of good cause. Even in a situation where a defendant is not allowed to represent himself on appeal, "he still has the opportunity to file a pro se statement of additional grounds under RAP 10.10." *Id.* at 654.

9

Cobos filed at least two objections to this court's appointment of counsel, arguing that he did not ask for a court-appointed attorney. We deny these motions and overrule the objections because they are not supported by the record. In his notice of appeal, Cobos requested the appointment of counsel. He cannot complain that the court granted his request.

For similar reasons we deny Cobos's motion based on his argument that the order allowing his attorney to withdraw left him without representation at a critical stage of the proceedings. Not only did Cobos request that his attorney withdraw so that he could represent himself, but Cobos fails to show that he was not represented by counsel at a critical stage. Cobos's attorney filed an opening brief. It was not until after she filed this brief that Cobos filed a bar complaint against his attorney and sought to have her removed. At the same time, Cobos's attorney moved to withdraw, indicating that Cobos wanted her to withdraw. Cobos cannot complain or seek to gain an advantage because we granted his request to allow his attorney to withdraw.

Finally, Cobos requests that we strike his prior attorney's brief from the record pursuant to RCW 2.44.020. This statute discusses the proper procedure where an attorney appears without authority. In particular, it states:

> If it be alleged by a party for whom an attorney appears, that he or she does so without authority, the court may, at any stage of the proceedings, relieve the party for whom the attorney has assumed to appear from the consequences of his or her act; it may also summarily, upon

10

> motion, compel the attorney to repair the injury to either party consequent upon his or her assumption of authority.

RCW 2.44.020.

We deny Cobos's motion for several reasons. First, as previously discussed, Cobos requested the appointment of counsel and consequently, his attorney was not representing Cobos without authority. Second, the statute he cites as authority for this court to strike his prior attorney's brief or to require her to do so is discretionary. The use of the word "may" indicates that a court has discretion to act but is not required to do so under a statute. *See Konicke v. Evergreen Emergency Servs., P.S.*, 16 Wn. App. 2d 131, 142, 480 P.3d 424 (2021) ("The word 'may' is ordinarily regarded as permissive."). As a result, this court is not required to act under the statute and even if so, Cobos fails to identify an injury requiring repair.

Even assuming there was error, Cobos cannot show prejudice. Cobos was not denied representation at a critical stage of the proceeding. By the time his attorney withdrew, an opening brief had already been filed. At this point in the proceedings the attorney had fulfilled all mandatory obligations. A reply brief was optional and not mandated under the circumstances. *See* RAP 10.3(c). Still, Cobos was given the option to file a reply brief if he thought one should be filed. Additionally, if he thought his attorney's opening brief failed to raise issues, Cobos was informed that he could file a

SAG.  He did not file either a reply brief or a SAG.  Were we to grant Cobos's motion to withdraw his attorney's brief, Cobos would be left without any briefing in this matter.

We deny Cobos's motions to reverse his conviction and dismiss with prejudice.

ANALYSIS

1.  INVOLUNTARY PLEA

*A.  Direct Appeal and Notice of Appeal*

As an initial matter, the State contends that Cobos failed to preserve the voluntariness of his plea.  The State argues that Cobos first raised the issue of the voluntariness of his plea in a motion to vacate his judgment.  While his notice of appeal designated his judgment and sentence, it did not designate the order denying the motion to vacate the judgment.  The State contends this lapse precludes review.  We disagree.

Under RAP 5.3(a), a notice of appeal must "designate the decision or part of decision which the party wants reviewed."  Additionally, RAP 5.3(a) provides that the party filing the notice of appeal "should attach to the notice of appeal a copy of the signed order or judgment from which the appeal is made."  However, "[n]othing in RAP 5.3 requires a complete listing in the notice of appeal of the issues to be reviewed." *Stevens v. Gordon*, 118 Wn. App. 43, 58, 74 P.3d 653 (2003).  Furthermore, this court "will disregard defects in the form of a notice of appeal . . . if the notice clearly reflects an intent by a party to seek review."  RAP 5.3(f).

12

Here, the notice of appeal listed the judgment and sentence. Additionally, the order denying Cobos's motion to vacate his judgment and sentence and withdraw his guilty plea was attached as part of the clerk's papers for this court's review. Therefore, the State is incorrect to assert that the order denying Cobos's motion was not designated in the record. To the extent there is a defect in his notice of appeal, we exercise our discretion to review the issue presented. Although the language used in the notice of appeal only refers to the judgment and sentence it otherwise satisfies the minimal requirements in RAP 5.3(a).

### B. Involuntary Plea

Cobos contends his guilty plea to second degree unlawful possession of a firearm was involuntary. Specifically, he argues the plea hearing did not affirmatively show he understood his conviction required knowing possession of a firearm by someone with a prior felony conviction.

Due process requires that a defendant intelligently and voluntarily enter into a guilty plea. *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 594, 316 P.3d 1007 (2014). This court reviews whether a defendant's plea "was intelligent and voluntary de novo." *State v. Harris*, 4 Wn. App. 2d 506, 512, 422 P.3d 482 (2018). To determine this, the record must affirmatively show that the accused understood the law and the facts. *State v. R.L.D.*, 132 Wn. App. 699, 705-06, 133 P.3d 505 (2006). However, this does not necessarily "'always require a description of every element of the offense'" but instead,

at a minimum, "the defendant would need to be aware of the acts and the requisite state of mind in which they must be performed to constitute a crime." *Henderson v. Morgan*, 426 U.S. 637, 647 n.18, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976); *In re Pers. Restraint of Keene*, 95 Wn.2d 203, 207, 622 P.3d 360 (1980).

To determine whether a factual basis exists to support a defendant's guilty plea, the trial court "must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information.'" *Id*. at 209 (internal quotation marks omitted) (quoting *McCarthy v. United States.*, 394 U.S. 459, 467, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969)). This determination helps ensure a defendant is pleading "'voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *Id.* (quoting *McCarthy*, 394 U.S. at 467).

Cobos pleaded guilty to second degree unlawful possession of a firearm. The elements necessary to establish this crime, in relevant part, are that (1) the person owns, accesses, has in their custody, control, possession, or receives a firearm; and (2) was previously convicted of a felony that is not a serious offense. *See* RCW 9.41.040(2). The statute also requires the State to prove knowing possession. *State v. Anderson*, 141 Wn.2d 357, 366-67, 5 P.3d 1247 (2000).

Cobos's argument is two-fold. He contends the record (1) does not establish he understood the "knowing" possession component of the crime, and (2) his understanding

14

that a prior conviction made his possession unlawful. Both of these arguments are contradicted by the amended information.

The record supports the fact that Cobos understood the nature of the crime to which he was pleading guilty. The statement of defendant on plea of guilty indicated that the elements were outlined in the amended information, which Cobos acknowledged possessing. The amended information alleged Cobos:

> did knowingly own or knowingly have in his/her possession or knowing have in his/her control, a firearm, to-wit: HANDGUN, after having previously been convicted in this State or elsewhere of a felony not specifically listed as qualifying for First Degree Unlawful Possession of a Firearm, to-wit: THIRD DEGREE ASSAULT.

Clerk's Papers (CP) at 2.

Furthermore, in his own words, Cobos noted that he "possessed unlawfully a firearm in the state of Washington." CP at 12-13. Although Cobos's statement did not include the word "knowing," the word "unlawfully" is sufficient to show knowledge. *See, e.g.*, *State v. Krajeski*, 104 Wn. App. 377, 16 P.3d 69 (2001).

Finally, Cobos's third argument rests on the court's use of the affidavit. In particular, Cobos asserts (1) nothing shows he understood what the court meant by "affidavit," (2) the judge did not make clear he planned to use the affidavit to prove a factual basis for the plea, and (3) that the court suggested it had already read the affidavit, leaving Cobos without any real opportunity to object. These arguments fail.

15

First, Cobos fails to identify any authority stating that a defendant must affirmatively acknowledge what an affidavit is. Instead, case law indicates that a defendant must understand the "relation of the facts to the law." *R.L.D.*, 132 Wn. App. at 705. Second, contrary to Cobos's assertion, the court specifically asked the parties if they would "stipulate to the affidavit also as a purpose for the plea," making clear its intention to use it for a basis for the plea. RP at 20. Third, the court specifically asked if there was any objection to which Cobos responded no. Cobos did not reflect any confusion about the affidavit. Although the court did ask if there was any objection "to know that I read the affidavit that identifies the firearm" Cobos still could have objected to its use for the purpose of the plea. RP at 20. Finally, even without reference to the affidavit, the record is sufficient to show that Cobos understood the knowledge element of his conviction.

We hold that Cobos has failed to demonstrate his plea was involuntary.

2. THE IMPACT OF *BLAKE* TO COBOS'S OFFENDER SCORE

Cobos contends he is entitled to resentencing because the court failed to consider the impact of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Although the court properly excluded his now unconstitutional prior convictions for possession of a controlled substance from his offender score, he contends that the unconstitutional convictions, and more specifically the sentences he served on the unconstitutional convictions, impacted the calculation of his offender score. Cobos argues that the time he

spent serving sentences for unconstitutional convictions should be considered crime free time in the community under the wash-out provision in the sentencing guidelines. We disagree.

RCW 9.94A.525 provides the rules for calculating a defendant's offender score. Under these rules, certain felonies and serious traffic infractions "'wash-out'—i.e., will not be counted—if the defendant has spent sufficient crime-free time in the community." *State v. Schwartz*, 6 Wn. App. 2d 151, 155, 429 P.3d 1080 (2018); *see also* RCW 9.94A.525(2)(b)-(d).

*State v. Smith*, 137 Wn. App. 431, 153 P.3d 898 (2007) provides guidance on this issue. There, the defendant's argument rested on the fact that his wash-out calculation was impacted by a prior sentence that was based on a miscalculated offender score. *Id*. at 435-36. Although the court agreed that the defendant had spent extra time in custody, the court rejected his contention that the five-year wash-out clock should have started earlier, giving him more credit for time spent in the community. *Id*. at 440. Importantly, the court discussed that even if it had assumed he was wrongly held, "the legislature intended to reward only those defendants who spend five consecutive years in the community without committing a crime." *Id*. at 440. And there, the defendant could not show "five crime-free years." *Id.* at 440. As such, the court affirmed.

Cobos's argument rests on the assumption that if he had actually spent more time in the community, he would have been crime-free, contributing to his wash-out time

calculation. However, this court does not consider this type of hypothetical scenario. *See Ward v. Bd. of County Comm'rs,* 86 Wn. App. 266, 275, 936 P.2d 42 (1997) ("We decline to reach hypothetical issues not raised by the facts presented."). Although his incarceration may have been partially responsible for the problem, this court has no way to know whether he would have remained crime-free for the proscribed time to wash out his crimes.

Cobos fails to demonstrate he is entitled to remand for resentencing based on unconstitutional convictions that impacted his ability to wash out convictions.

Finding no error, we affirm Cobos's conviction and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Murphy, J.

18