IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| CRAIG J. KELSEY, a/k/a CRAIG KELSEY and DONNA J. KELSEY, a/k/a DONNA KELSEY, husband and wife, <br><br> Respondents, <br><br> v. <br><br> DENNIS E. KELSEY, a/k/a DENNIS KELSEY and JANICE N. KELSEY, a/k/a JANICE KELSEY, husband and wife, <br><br> Appellants. | No. 30903-7-III <br><br><br><br><br> PUBLISHED OPINION |

BROWN, J. — Janice Kelsey appeals the Adams County trial court's order

partitioning real and personal property. In 2009, the trial court adopted a referee's

report to partition farmland. To equalize the division of real property, a $23,321.50 cash

adjustment was necessary from Janice to her brother-in-law and sister-in-law, Craig and

Donna Kelsey.[1] Craig and Donna accepted extra equipment valued at $11,472.00 to

mitigate the original figure, leaving the cash adjustment owing from Janice to Craig and

Donna of $11,849.50. The court later ordered Janice to pay an additional $86,005.00 to

Craig and Donna because a portion of the property awarded to them had a discounted

---

[1] Since all parties have the same last name, first names will be used for
clarification.

value. The court further ordered Janice to pay $6,015.25 in costs and $4,840.62 in attorney fees. Janice contends the trial court erred by (1) not discounting the value of her property as it did for Craig and Donna's property, (2) awarding attorney fees and costs to Craig and Donna, (3) dividing personal property, and (4) adopting the referee's report in its partition order. We find no error, and affirm.

## FACTS

Craig and his brother, Dennis Kelsey (Janice's husband), operated the family farm for approximately 41 years. They owned some of the ground together and farmed the rest for their parents. Their mother, Arlyne Stine Kelsey, had a life estate in a large portion of the land. In late 2007, Craig and Donna sued Dennis and Janice to partition real and personal property, alleging the parties were tenants in common in 15 parcels of real property. We could not find an answer in our record. Dennis died in June 2008.

In October 2008, the court ordered referee Allen Hatley to prepare a report on a proposed property division of the parties' property, including property held as remaindermen. Mr. Hatley's January 28, 2009 report stated the purpose was to divide the farm "in such a fashion that the Craig Kelsey family and the Dennis Kelsey family no longer share any common ownership. In addition there are numerous other family members that own a partial interest in some of the parcels and that ownership will remain the same with no change in percentages or tracts of land." Clerk's Papers (CP) at 29. The report states Janice's attorney instructed Mr. Hatley to consider Arlyne's interests "to actually being owned by Craig Kelsey and Dennis Kelsey equally and that

2

interest was also divided among the Craig Kelsey family and the Dennis Kelsey family."
CP at 29.

Mr. Hatley "divided the land into two units . . . [u]nder this division the '**Craig Kelsey Parcels**' have a value of $889,314 . . . [and] the '**Dennis Kelsey Parcels**' . . . $935,957." CP at 31. Mr. Hatley further recommended "a cash adjustment . . . payment of $23,321.50 from the Dennis Kelsey family to the Craig Kelsey family." CP at 31. On May 4, 2009, over Janice's objections, the court adopted the report in full and entered a partition order. A portion of the land designated to Craig, known as the Stine property, had an undivided interest between him and his cousins. The court directed Mr. Hatley to prepare a report on any average discounts for the undivided interest being received by Craig.

Craig and Donna successfully requested the court divide the parties' personal property based on the need to divide the farm equipment when dividing the property. While Janice did not initially object, she later unsuccessfully objected to the court's jurisdiction to partition the personal property, consisting mainly of farm equipment, including trucks, and directed the parties to divide and retrieve the remainder.

In an August 26, 2010 letter, Mr. Hatley discussed the issue of a fractional ownership interest discount in value on the Kelsey properties. He opined the value of the parcels would decrease based upon a fractional ownership interest and gave supporting reasons that the court apparently accepted.

3

On May 11, 2011, Craig and Donna requested an order awarding costs and discounted property value due to the undivided interests. In Mr. Hatley's opinion, a fractional ownership interest justified a discounted value of 25 percent to Craig's property for parcels 1, 2, 11, and 12. This discount was not originally considered because Mr. Hatley had been instructed to value the property as if both parties owned the land in fee simple.

The court found Craig and Donna were entitled to receive compensation for the undivided interest in certain parcels. Janice's counsel inquired to Mr. Hatley as to equal treatment for Janice, considering her fractional ownership interests. Janice sought an order from the court allowing a 25-percent discount arising from a fractional ownership interest in property owned by her. The court denied the discount, stating:

> On May 4, 2009 . . . [the court] also directed Allen Hatley to report to the Court on any discounts for undivided interest being received by Craig Kelsey. Subsequently this Court adopted the recommended discount for an undivided interest. The discount applied to property that remained undivided at the time of the partition.
> It appears to the Court that [counsel], on behalf of his client, Janice Kelsey, now seeks a discount for Ms. Kelsey. It also appears that the undivided nature of that property has occurred subsequent to this Court's Order for Partition. Therefore it appears to the Court that Ms. Kelsey is not entitled to a discount on property awarded to her by order of this Court, since it was not undivided property at the time the property was partitioned.

CP at 260-61.

The court entered findings of fact and conclusions of law, an order awarding costs and value of discounted property due to undivided interest, and a judgment

4

against Ms. Kelsey for $108,710.37 ($11,849.50 remaining on original partition; $6,015.25 in costs; $4,840.62 in attorney fees; and $86,005.00 for undivided interest in the Stine property). After her reconsideration request was denied, Janice appealed.

## ANALYSIS

### A. Discounts

The first issue is whether the trial court erred in denying Janice's request for a discount of her property value similar to the discount the court afforded to Craig and Donna. Janice contends her property interests on Parcels 9 and 9A are undivided with others and the property is worth less to her.

Partition is an equitable action. *Leinweber v. Leinweber*, 63 Wn.2d 54, 56, 385 P.2d 556 (1963). The trial court has "great flexibility" in fashioning equitable relief for the parties. *Cummings v. Anderson*, 94 Wn.2d 135, 143, 614 P.2d 1283 (1980). Washington courts have upheld the trial court's discretion to value the property in a partition action. *Yeats v. Estate of Yeats*, 90 Wn.2d 201, 206, 580 P.2d 617 (1978); *Carson v. Willstadter*, 65 Wn. App. 880, 884, 830 P.2d 676 (1992). "A court abuses its discretion if its decision is not based on tenable grounds or tenable reasons." *Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn. App. 697, 701, 9 P.3d 898 (2000).

If one cotenant improves property, the trial court has discretion to reimburse him or her for the improvement values. *See Leinweber*, 63 Wn.2d at 58 (cotenant could recover "the benefits created by the sweat of his brow (the enhanced valuation realized upon the partition sale)," preventing a windfall to the other cotenants). Likewise, the

court can discount the value of property if it is encumbered. "The nature of the assets *at the time of partition* is controlling." *Yeats*, 90 Wn.2d at 206 (emphasis added).

Here, at the time of partition both parties held property that was encumbered by Arlyne's life estate. Mr. Hatley was instructed to treat all property as if Arlyne had predeceased. Therefore, at the time of the partition, Craig and Donna received real property in fee simple and they received the Stine property sharing an undivided interest with their distant cousins. Contrarily, Janice received real property either owned by Dennis and Janice or by Arlyne without undivided interests.

Janice requested a discount later after Arlyne died, not at the time of partition. Because Dennis predeceased his mother, his share of her life estate went to his lineal descendants who are Dennis and Janice's three sons. At the time of partition, "only jointly owned property was that which the Court allowed the discount." Report of Proceedings at 198. Because the nature of the assets at the time of partition is controlling and because both parties' properties were encumbered at the time of partition with a portion of Craig and Donna's property further encumbered by joint ownership with Craig's cousins, the trial court had tenable grounds to discount the property value for Craig and Donna and not discount the value of Janice's property. Given all, we conclude the trial court did not abuse its discretion in denying Janice's discount request and the subsequent request for reconsideration.

6

B. Attorney Fees and Costs

The issue is whether the trial court erred in its calculation of costs and attorney fees. Janice contends the court failed to take into account a survey she paid for when calculating costs and wrongly estimated her own attorney fees.

We review the amount of any attorney fee award for an abuse of discretion. *Gander v. Yeager*, 167 Wn. App. 638, 646, 282 P.3d 1100 (2012). "A court abuses its discretion if its decision is not based on tenable grounds or tenable reasons." *Eagle Point Condo. Owners Ass'n*, 102 Wn. App. at 701.

The court ordered fees under RCW 7.52.480, partly providing, "The cost of partition, including fees of referees and other disbursements including reasonable attorney fees . . . shall be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the decree." The court ordered $6,015.25 costs and $4,840.62 attorney fees to Craig and Donna. The $6,015.25 was Janice's portion of the partition fees, including Mr. Hatley's fees. These fees were paid out of pocket by Craig and Donna. Janice paid a $5,000.00 survey fee, but the survey was limited to land she received in the partition. Therefore, tenable grounds exist for the trial court to limit costs to those associated with the partition and those that apply to both parties' properties. Since Craig and Donna paid most of the expenses out of pocket, the trial court did not abuse its discretion in awarding them costs in the amount of $6,015.25.

7

Next, our record shows a breakdown of attorney fees with Craig and Donna paying approximately $43,600.00 and Janet paying approximately $33,800.00, requiring an equalization payment of $4,840.62. Janice filed a later affidavit, claiming her fees were actually $51,492.32, but did not include proof of this amount to substantiate her claim. Based on the evidence of fees before it, the court had tenable grounds to set attorney fees at $4,840.62.

## C. Personal Property

The issue is whether the trial court erred in partitioning the personal property along with the real property.

In 2009, when Craig and Donna moved to divide personal property, Dennis and Janice did not object. After 2007, the parties seemed to agree the farm equipment needed division. Janice claims she was acting pro se in 2009, but a pro se litigant is held to the same standard as an attorney. *Batten v. Abrams*, 28 Wn. App. 737, 739 n.1, 626 P.2d 984 (1981). Nevertheless, in 2010, Janice argued the court lacked jurisdiction to divide personal property. Although raised three years after the initial request to divide personal property, a party may raise a question of subject matter jurisdiction for the first time at any point in a proceeding, even on appeal. *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 205-06, 258 P.3d 70 (2011). We review de novo questions of a court's subject matter jurisdiction. *Id.* at 205.

RCW 7.52.010 states, "When several persons hold and are in possession of *real property* as tenants in common, in which one or more of them have an estate of

8

inheritance, or for life or years, an action may be maintained by one or more of such persons, for a partition thereof." (Emphasis added.) In dicta, the court in *Wagers v. Goodwin*, 92 Wn. App. 876, 881 n.1, 964 P.2d 1214 (1998) noted, "RCW 7.52.010 does not apply in this context because it gives a right of action to tenants in common wishing to partition *real property,* not other types of assets, such as a pension." But in *Witt v. Young*, 168 Wn. App. 211, 217, 275 P.3d 1218, *review denied*, 175 Wn.2d 1026 (2012), the plaintiff brought an action for "Partition of Real and Personal Property" and the court did not find the partition action for personal property was barred. While the statutory provision provides guidance to a court in a partition action, it does not mark the outer limits of a court's exercise of its equitable powers. The Supreme Court case of *McKnight v. Basilides*, 19 Wn.2d 391, 143 P.2d 307 (1943) is instructive.

There, cotenants of real property commenced an action for partition of real property and for an accounting of the income collected by the cotenant in possession of the property. *Id.* at 392-93. At the conclusion of trial, the court decreed rents, rental use of the property, and attorney fees in favor of the plaintiffs against the other cotenant. *Id.* The decree further provided that the judgment was a lien in favor of plaintiffs against the interest of the other cotenant in the proceeds of sale. *Id.* On appeal, one issue was whether some cotenants were entitled to a lien upon another cotenant's interest in the property for amounts found due after an accounting. *Id.* at 393. The partition statute does not provide for such a lien. Nevertheless, our Supreme Court stated:

9

Finally, it is argued that the court erred in impressing a lien upon the interest which appellant owned in the property. It is true that no lien exists in favor of one cotenant against the share owned by the others. However, the court may, in the exercise of its equitable powers and in order to do full justice to all parties concerned, impose a lien upon the interest in the property owned by the one who has benefited by possession, and may provide for the payment of the judgment from the proceeds of the sale in a partition action.

*Id.* at 408.

Thus, a court in the exercise of its equitable powers may fashion remedies to address the particular facts of each case, even if the partition statute does not strictly provide for such a remedy. Here, the partitioned farm land contained farm equipment accumulated over the years to work the land that needed division "to do full justice to all parties concerned." *Id.* Therefore, we conclude the court had subject matter jurisdiction to divide the farm equipment along with the farm land.

### D. Partition Order

Janice contends the court erred in valuing the assets in its 2009 partition order but her arguments are untimely. RAP 5.2(a) requires filing a notice of appeal within 30 days after the trial court enters its decision. Janice's argument relates to an unappealed decision filed on May 4, 2009. She cites RAP 2.4(b) as review authority.

RAP 2.4(b) provides that we "will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." However, RAP 2.4(b) does not revive a final order not appealed. By comparison, RAP 2.4(b) allows a party to

10

No. 30903-7-III
*Kelsey v. Kelsey*

timely appeal a trial court's attorney fee decision, but "makes clear that such an appeal

does not allow a decision entered before the award of attorney fees to be reviewed (i.e.,

it does not bring up for review the judgment on the merits) unless timely notice of appeal

was filed on *that* decision." *Carrara, LLC v. Ron & E Enters., Inc.*, 137 Wn. App. 822,

825, 155 P.3d 161 (2007).  Because a timely notice of appeal was not filed on the

partition order, Janice's final assignment of error is not properly before us.

     Affirmed.

Brown, J.
_____
Brown, J.

I CONCUR:

Kulik, J.
_____
Kulik, J.

11

30903-7-III

KORSMO, C.J. (dissenting) — While I agree with the majority that the trial court did not abuse its discretion in the partition ruling, in apportioning the personal property, or in the attorney fee award, I disagree that the court could properly discount one of the parcels but not the others. I would remand to apply a discount to all parcels that were subject at the time of partition to an ownership interest by someone other than the parties to this litigation.

It is one thing to ignore Arlyne Kelsey's interests in the parcels for purposes of partition. It was a very practical approach and simplified the problem for the court, the appraiser, and the parties. For those same reasons it would even have been fine to ignore her ownership interests in deciding whether or not to discount the property values. However, it was unfair to discount some property on the basis that someone other than one of the brothers owned a portion of a parcel, but refuse to apply that same principle to property partially owned by Arlyne.

The purpose for discounting the value of the Stine property (parcels 1, 2, 11, 12) awarded to Craig and Donna Kelsey was to recognize that they did not have the full value of that parcel because it was partially owned by their cousins. That same principle applies to each of the parcels, whether awarded to the Craig or Dennis Kelsey families, that Arlyne had an ownership interest in at the time of the partition.[1] By using different valuation principles depending upon whom the ownership interest was shared with, the court effectively grossly overvalued the parcels partially co-owned by Arlyne by ignoring her interest, with the result that Janice Kelsey owed Craig and Donna Kelsey a larger transfer payment than she should have made. As the majority notes, the appraiser concluded quite appropriately that discounting properties due to fractional ownership reduces their value. The reduced value to Craig and Donna of the Stine property due to their cousins' ownership interests was recognized by the discount. Failing to give that discount to the parcels co-owned with Arlyne effectively treated the brothers as 100 percent owners of those parcels even though that was not the case. Janice and Dennis could not have sold their interests in the land for anything close to the value used for partition purposes due to the fact that they did not entirely own the parcels. Nonetheless,

---

[1] I agree with the trial court that the deaths of Dennis and Arlyne after the partition, and the passage of their shares to their heirs, were irrelevant to the discount decision. However, I think the trial court erroneously believed that the consequences of those deaths were the only reason Janice Kelsey was seeking a discount in the parcels she co-owned with Arlyne.

2

they were required to compensate Craig and Donna as if they did realize the full value of their shares.

Even if Arlyne had ownership interests in all of the parcels, it still would benefit Janice and Dennis to discount all of them because it would lower the figure needed to equalize their properties with those of Craig and Donna.

Courts acting in equity have great discretion and I am loathe to conclude that a judge abuses that discretion when fashioning an equitable remedy. Here, however, there are two apparent errors. First, the court appeared to believe that the divided interests in some of the parcels awarded to Dennis and Janice arose only after partition. That was not the case. The divided interests arose at partition when the land was awarded, just as it did for the parcel co-owned with the cousins. Second, the court used two different valuation systems by discounting the property co-owned with the cousins but not the property co-owned with the mother. The latter parcels were overvalued in relation to the former. Janice and Dennis were treated as 100 percent owners for valuation purposes of land they owned in common with their mother. Meanwhile, Craig and Donna were recognized, for valuation purposes, as owning less of the Stine property.

It simply is not equitable to discriminate in that manner. The same rules for discounting should apply to all of the parcels without regard to who the co-owners were. Because I believe the court erred in its reason for rejecting Janice's request for partition

3

No. 30903-7-III
*Kelsey v. Kelsey* - Dissent

and also erred in applying two different valuation approaches to similarly situated land, I

respectfully dissent.

Korsmo, C.J.

4