IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ROY D. CHEESMAN, | ) | No. 36347-3-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOHN GRAF; TIA ROSS; NANCY | ) | |
| WILLBANKS; BEN MOUNT; and the | ) | |
| ELLENSBURG SCHOOL DISTRICT, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, C.J. — Roy Cheesman appeals a summary judgment order dismissing his complaint against the Ellensburg School District and several of its employees. We affirm.

FACTS

Employees of the Ellensburg School District noticed a six-year-old student came to school with a black eye. When asked, the student offered two explanations for the bruising; in one, she stated her father, Roy Cheesman, had caused it by striking her. Consistent with Washington's mandatory reporting statutes, RCW 26.44.030 and.040, school officials contacted Child Protective Services (CPS). As a consequence, Mr. Cheesman's daughter was removed from his home. The State brought, but later dismissed, criminal charges against Mr. Cheesman.

Mr. Cheesman filed a lawsuit against the Ellensburg School District and four of its employees. He sought relief for intentional infliction of emotional distress and malicious prosecution. The District moved for summary judgment, arguing Mr. Cheesman's claims lacked factual and legal support. Mr. Cheesman opposed the District's motion, but did not otherwise submit evidence supporting his claims. Instead, he sought a continuance to conduct discovery.

The superior court considered the parties' positions during an in-person hearing. At the hearing, the court engaged Mr. Cheesman in a lengthy colloquy. The court asked Mr. Cheesman why he had not yet obtained evidence supporting his claims. Mr. Cheesman stated he had been confused as to the process. He also cited his work schedule, medication, and the pendency of criminal charges against him for half of the case's duration. The court also questioned Mr. Cheesman on the legal basis for his claims. Mr. Cheesman asserted that the defendants violated the law because they should have contacted the police regarding alleged abuse instead of CPS.

The trial court ruled Mr. Cheesman had not presented a case of excusable delay and denied his continuance motion. The court also found Mr. Cheesman lacked sufficient evidence to support his claims, and granted summary judgment to the District and its employees. Mr. Cheesman timely appeals.

No. 36347-3-III
*Cheesman v. Graf*


ANALYSIS

In his pro se appeal, Mr. Cheesman lists 12 assignments of error. The majority of the alleged errors are not well developed. However, it appears Ms. Cheesman is arguing: (1) the trial court improperly denied his motion to continue, and (2) the defendants failed to support their motion for summary judgment.[1]

A trial court's decision on a motion to continue a summary judgment hearing is reviewed for an abuse of discretion. *Barkley v. GreenPoint Mortg. Funding, Inc.*, 190 Wn. App. 58, 71, 358 P.3d 1204 (2015). Discretion is abused when a decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). A summary judgment continuance is not permissible if "(1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact." *Barkley*, 190 Wn. App. at 71 (quoting *Qwest Corp. v. City of Bellevue*, 161 Wn.2d 353, 369, 166 P.3d 667 (2007), *abrogated on other grounds by Cost Mgmt. Servs., Inc. v . City of Lakewood*, 178 Wn.2d 635, 310 P.3d 804 (2013)).

---

[1] To the extent Mr. Cheesman has attempted to raise additional errors, his claims are not sufficiently developed to warrant appellate review. *See* RAP 10.3(a)(6); *In re Marriage of Fahey*, 164 Wn. App. 42, 59, 262 P.3d 128 (2011).

3

No abuse of discretion happened here. Mr. Cheesman's case had been pending for a significant period of time prior to the defendants' summary judgment motion. During the court hearing, Mr. Cheesman could not articulate sufficient reasons for his delay in obtaining evidence and, perhaps more importantly, he did not identify what relevant evidence could be obtained should the court grant his request. Although Mr. Cheesman was proceeding pro se, the trial court properly held him to the same standard as an attorney. *Kelsey v. Kelsey*, 179 Wn. App. 360, 368, 317 P.3d 1096 (2014).

Turning to the merits of the summary judgment order, the test is whether the moving party demonstrated an absence of genuine issues of material fact such that it was entitled to judgment as a matter of law. CR 56(c). Genuine issues are absent when the available evidence could not lead any reasonable juror to return a verdict for the nonmoving party. *Reyes v. Yakima Health Dist.*, 191 Wn.2d 79, 86, 419 P.3d 819 (2018). "A defendant may move for summary judgment on the ground that the plaintiff lacks competent evidence to support its claim." *Hymas v. UAP Distrib., Inc.*, 167 Wn. App. 136, 150, 272 P.3d 889 (2012).

The defendants' summary judgment submissions amply supported the trial court's ruling. The undisputed statements by Mr. Cheesman's daughter provided school employees

a sufficient basis for making a referral to CPS.[2] This precludes a claim for intentional

infliction of emotional distress and malicious prosecution. *Christian v. Tohmeh*, 191 Wn.

App. 709, 735-36, 366 P.3d 16 (2015) (The tort of intentional infliction of emotional

distress requires objectively outrageous conduct "beyond all possible bounds of decency.");

*Hanson v. City of Snohomish*, 121 Wn.2d 552, 558, 852 P.2d 295 (1993) (Malicious

prosecution requires absence of probable cause.).

## CONCLUSION

The trial court's order of summary judgment and judgment of dismissal are affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____          _____
Korsmo, J.                                Siddoway, J.

---

[2] The statute states that professional school personnel shall report abuse to law enforcement *or* the department of children, youth, and families (i.e., CPS). RCW 26.44.030(1)(a); *see also* RCW 26.44.020(4), (10).