## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SOUTHWEST SUBURBAN
SEWER DISTRICT,
a Washington Municipal Corporation,

Respondent,

v.

BRETT L. FISH,

Appellant,

and

COREY FISH; and ALSO ALL OTHER
PERSONS OR PARTIES UNKNOWN
CLAIMING ANY RIGHT, TITLE,
ESTATE, LIEN, OR INTEREST IN THE
REAL ESTATE DESCRIBED IN THE
COMPLAINT HEREIN,

Defendants.

No. 80479-1-I

DIVISION ONE

PUBLISHED OPINION

COBURN, J. — This dispute over attorney fees gives us the opportunity to clarify what appears as conflicting opinions between Division One and Division Two of this court as it relates to prescriptive easements and RCW 7.28.083(3). In the instant case, the trial court awarded Southwest Suburban Sewer District attorney fees and costs for its prescriptive easement claim and partition request. Because the plain language of RCW 7.28.083(3)

Citations and pin cites are based on the Westlaw online version of the cited material.

authorizes attorney fees and costs to the prevailing party in an action asserting title to real property by adverse possession, and neither party asserted title by adverse possession in this case, the trial court erred. Also, because the partition proceedings were adversarial, neither party was entitled to partition related fees. Accordingly, we reverse and deny both parties' request for attorney fees on appeal.

FACTS

For approximately 80 years, the Fish family has owned 5.64 acres of real property in Normandy Park, Washington. The property contains one dilapidated residence. The property borders a 24.04 acre lot on which Southwest Suburban Sewer District (District) operates its Miller Creek Wastewater Treatment Plant (Plant).

In 1986, the District purchased an easement from Byron and Katherine Fish to build an access road to the Plant. After Byron passed away, Katherine quitclaimed the property to her three children—Brett, Troy, and Corey Fish—as tenants in common.[1] Troy passed away in 2002, and Brett and Corey both claim an interest in Troy's 25 percent interest.

Between 2012 and 2017, Brett complained to the District that it was overburdening the easement, exceeding the authorized scope of use of the easement, and failing to maintain the access road or landscape. The District

---

[1] We refer to individuals by their first names for clarity when family members share the same last name.

tried and failed to purchase the entire property from Brett. The District and Brett also entered into a temporary license agreement granting the District use of the access road. But after just two months, Brett revoked the agreement.

In June 2013, the District bought Corey's 25 percent interest in the property and became a tenant in common with Brett and Corey. The District asked Brett to voluntary partition the property or agree to a boundary line adjustment. Brett refused.

Four years later, the District filed a complaint in King County Superior Court seeking to partition the property into two parcels—the "Road Parcel" and the "Remainder Parcel." Put simply, the District sought to segregate the access road from the portion of the property with the residence. The District also sought attorney fees and costs. Brett filed an answer, numerous affirmative defenses, and counterclaims. Relevant here is Brett's counterclaim for inverse condemnation. The District's reply asserted affirmative defenses to Brett's counterclaims including that "[t]he District's use of the access road was under a legal claim to the [p]roperty pursuant to a prescriptive easement."

The District filed a motion for partial summary judgment. The District argued, as a tenant in common with Brett, it had the right to unrestricted use of the access road and the right to partition the property. The District also asserted Brett's counterclaim for inverse condemnation was time barred because the District obtained a prescriptive easement.

3

The trial court granted the District's motion for partial summary judgment determining the District was entitled to partition the property, and each of Brett's counterclaims were barred by the applicable statute of limitations. The trial court also found the District obtained a prescriptive easement over the access road on the property. The trial court partitioned the 13.7 percent with the access road from the rest of the property with the residence. The District would receive the portion with the access road. The trial court also concluded, "Equity requires that the costs incurred by the District in the partition action, including attorneys' fees, be apportioned as allowed for in RCW 7.52.480." Brett filed, and the trial court denied without prejudice, a motion to reconsider the order granting the District attorney fees.

The trial court determined a reasonable award was $33,667.70 for prescriptive easement related attorney fees and $36,502.36 for apportioned costs. The trial court considered that the District incurred $128,386.92 and Brett incurred $54,890.00 in partition related attorney fees. It determined the District was entitled "[t]o an award of attorneys' fees against Brett Fish in an amount equal to one half of the delta between $128,386.92 and Brett Fish's reasonable partition related attorneys' fees [$54,890.00], which is $36,748.46."

Brett appeals.

DISCUSSION

Waiver

Brett appeals the trial court's orders granting partial summary judgment to the District, denying his motion to reconsider summary judgment, denying his motion to reconsider attorney fees, and awarding attorney fees. He also appeals the trial court's findings of facts and conclusions of law and final partition order. However, Brett's appellate brief assigns error only to the order awarding attorney fees and the findings of facts supporting that award. Therefore, we consider only the issues of attorney fees and costs, and we deem the other issues waived. RAP 10(g).

Standard of Review

"The general rule in Washington is that attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity." Durland v. San Juan County, 182 Wn.2d 55, 76, 340 P.3d 191 (2014). "Whether a trial court is authorized to award attorney fees is a question of law, which we review de novo." Workman v. Klinkenberg, 6 Wn. App. 2d 291, 305, 430 P.3d 716 (2018). "When attorney fees are authorized, we will uphold an attorney fee award unless we find the trial court manifestly abused its discretion." Id. at 305. The trial court abuses its discretion when its exercise of discretion is manifestly unreasonable or based on untenable grounds or untenable reasons. Berryman v. Metcalf, 177 Wn. App. 644, 657, 312 P.3d. 745 (2013). "A discretionary decision rests on 'untenable grounds' or is based on 'untenable

reasons' if the trial court relies on unsupported facts or applies the wrong legal standard." Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132, P.3d 115 (3006).

### Prescriptive Easement Attorney Fees

Brett argues the trial court erred in awarding the District $33,667.70 in prescriptive easement attorney fees. Specifically, Brett argues the District did not assert a claim for title to real property by adverse possession, so the District is not entitled to an award of attorney fees under RCW 7.28.083(3) and McColl v. Anderson, 6 Wn. App. 2d 88, 91, 429 P.3d 1113, 1115 (2018). We agree.

RCW 7.28.083(3) provides,

> The prevailing party in an action asserting title to real property by adverse possession may request the court to award costs and reasonable attorneys' fees. The court may award all or a portion of costs and reasonable attorneys' fees to the prevailing party if, after considering all the facts, the court determines such an award is equitable and just.

In McColl, Division Two of this court held that RCW 7.28.083(3) did not apply to McColl's lawsuit for a prescriptive easement. 6 Wn. App. at 92-93. There, McColl requested a declaration establishing a prescriptive easement to cross Anderson's property. Id. at 90. Anderson prevailed on summary judgment and the trial court awarded Anderson attorney fees under RCW 7.28.083(3). Id. Division Two reversed, and in vacating the attorney fees under RCW 7.28.083(3) stated, "Unlike adverse possession, a prescriptive easement does not quiet title to land[,]" and "[b]ecause a prescriptive easement claim does not actually assert title to property, RCW 7.28.083(3) does not apply to McColl's prescriptive easement lawsuit." Id. at 92-93.

6

A few weeks after Division Two published McColl, Division One published Workman, 6 Wn. App. 2d 291. Workman filed a complaint for adverse possession and related claims. Id. at 295, 305. The Klinkenbergs moved for summary judgment. Id. at 296. Then, Workman amended their complaint by adding claims for prescriptive easement and easement by estoppel. Id. at 295. Except for the adverse possession and easement claims, the trial court dismissed all the claims on summary judgment. Id. at 295-96. The Klinkenbergs moved for summary judgment on the easement claims, and stipulated to Workman's quiet title on a portion of the property. Id. at 296. The trial court granted the Klinkenbergs' motion and awarded them attorney fees and expenses. Id. at 296-97.

On appeal, Workman argued that the amount of fees awarded was not reasonable. Id. at 308. Workman did not argue that RCW 7.28.083 did not authorize attorney fees for prescriptive easement claims. This court affirmed the summary judgment dismissal and attorney fees, and awarded attorney fees on appeal under RCW 7.28.083(3). Id. at 294, 309. In doing so, this court stated:

> [RCW 7.28.083(3)] uses the term "adverse possession," and this case involves both adverse possession and prescriptive easements. Because these doctrines "are often treated as equivalent[s]" and the elements required to establish adverse possession and prescriptive easements are the same, this statute allows recovery for fees incurred on prescriptive easement claims.[2]

---

[2] The Workman court cited Kunkel v. Fisher, 106 Wn. App. 599, 602-03, 23 P.3d 1128 (2001) and 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 2.7, at 99 (2d ed. 2004). 6 Wn. App. 2d at 306. Neither Kunkel nor the treatise discuss RCW 7.28.083(3),

Id. at 305-06. Workman did not mention McColl.

Brett suggests we limit the holding in Workman to the facts of that case—when claims involving prescriptive easement also involve claims of adverse possession. We agree. We determine the language in Workman suggesting that a party who only asserts a prescriptive easement claim is entitled to attorney fees under RCW 7.28.083(3) is dicta.[3]

As the McColl court explained:

> An easement is an interest in real property[, but] that interest involves the *use* of property and does not grant *title* to the property. Similarly, an easement represents a burden on the property subject to the easement[, b]ut . . . that burden does not provide *title* to the property. Unlike adverse possession, a prescriptive easement does not quiet title to land.

6 Wn. App. 2d at 92 (citations omitted). The plain language of RCW 7.28.083(3) expressly states that a party to "an action asserting title to real property by adverse possession may request the court to award costs and reasonable

_____

but they do discuss how the elements for adverse possession and prescriptive easements are the same while recognizing their differences. As the Kunkel court explained:

> Although adverse possession and easements by prescription are often treated as equivalent doctrines, they have different histories and arise for different reasons. Adverse possession promotes the maximum use of the land, encourages the rejection of stale claims to land and, most importantly, quiets title in land. Easements by prescription do not necessarily further those same goals.

106 Wn. App. at 603 (citations omitted).

[3] Dicta is "an observation or remark made by a judge in pronouncing an opinion upon a cause, concerning some rule, principle, or application of law, or the solution of a question suggested by the case at bar, but not necessarily involved in the case or essential to its determination; any statement of the law enunciated by the court merely by way of illustration, argument, analogy, or suggestion." State ex rel. Lemon v. Langlie, 45 Wn.2d 82, 89, 273 P.2d 464, 468 (1954).

attorneys' fees." In the instant case, neither party asserted title to real property by adverse possession.

Here, given the language in Workman, it is understandable why the trial court awarded attorney fees for the prescriptive easement claim.[4] However, that decision was a misapplication of the law. Thus, we reverse the trial court's award of attorney fees for the prescriptive easement claim.

Partition Attorney Fees

The trial court determined that under RCW 7.52.480 the District was entitled "[t]o an award of attorneys' fees against Brett Fish in an amount equal to one half of the delta between $128,386.92 and Brett Fish's reasonable partition related attorneys' fees [$54,890.00], which is $36,748.46." Brett argues the trial court manifestly abused its discretion in awarding attorney fees and costs for the partition action because RCW 7.52.480 does not authorize the award. The District relies on Kelsey v. Kelsey where the court determined the trial court properly calculated the attorney fees in a partition action by equalizing the amount each party expended. 179 Wn. App. 360, 367, 317 P.3d 1096 (2014).

As an initial matter, the District argues the doctrine of judicial estoppel should preclude review of Brett's argument on this issue because Brett

---

[4] We recognize that Erbeck v. Springer, No. 72568-8-I, slip op. at *8-9 (Wash. Ct. App. Dec. 21, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/725688.pdf, held that courts may award attorney fees under RCW 7.28.083(3) for prescriptive easement claims based on the same authority cited in Workman. No. 72568-8-I at *8-9. Erbeck is an unpublished opinion, has no precedential value and is not binding on any court. GR 14.1(a).

previously recognized, "Under *Kelsey*, an award [of] attorney fees may be allowed to equalize the payments made by all of the parties to a contested partition action."[5] The District mischaracterizes Brett's argument below. Brett initially and primarily argued that RCW 7.52.480 "does not authorize the parties to a contested partition action to recoup their own attorney fees, because those fees are not 'costs of [the] partition.' " Then, Brett argued in the alternative that the trial court should allow "both parties to offset their attorney fees in this contested partition action." An argument in the alternative is not inconsistent and does not warrant judicial estoppel.

RCW 7.52.480 provides, in relevant part,

> The cost of partition, including fees of referees and other disbursements including reasonable attorney fees to be fixed by the court and in case the land is ordered sold, costs of an abstract of title, shall be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the decree.

In Hamilton v. Huggins, this court determined RCW 7.52.480 "is not a 'prevailing party' statute" and "does no more than codify the common benefit rule." 70 Wn. App. 842, 852, 855 P.2d 1216 (1993). The common benefit rule provides "that counsel fees should be allowed as part of the costs, or that such an allowance may be made, in partition suits where all of the parties have actually benefited therefrom, at least where, and to the extent that, the

---

[5] "The doctrine of '[j]udicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.' " Miller v. Campbell, 164 Wn.2d 529, 539, 192 P.3d 352 (2008) (quoting Arkison v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007)).

proceedings have been amicable or friendly." Id. at 850 (citation omitted). The common benefit rule did not apply in Hamilton because the partition proceedings were adversarial, not "amicable or friendly." Id. at 850. Here, Brett argues that under Hamilton, RCW 7.52.480 does not apply because the proceedings were adversarial, so neither Brett nor the District was entitled to partition attorney fees and costs. Here, because the proceedings were adversarial, we agree.

The District argues Hamilton does not preclude the trial court from equalizing the fees as the court did in Kelsey. We disagree. In Kelsey, neither party objected to equalizing the fees. The only dispute regarding partition fees was whether one party could recover the cost of surveying part of the property. 179 Wn. App. at 367. Because the survey was limited to property that the party requesting the cost received in the partition, the fees were not for the common benefit of the parties and could not be included in the equalization. Id. at 367. Because the parties in Kelsey were "amicable and friendly," the court did not need to reach the issue raised in Hamilton. Unlike the parties in Kelsey, the District and Fish in the instant case were in an adversarial dispute.

The District also argues Hamilton applies only where the parties acted in good faith. The District argues that because Brett did not act in good faith, Hamilton does not apply. Without citation to the record, the District asserts the trial court concluded Brett's actions were not in good faith. The District's claim is unsupported. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118

11

Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments unsupported by reference to the record or citation to authority will not be considered).

In the alternative, the District argues this court should reconsider Hamilton because partition is an equitable action and trial courts have the discretion to award attorney fees in equity. Here, the trial court awarded the District fees in equity when it found, "Equity requires that the costs incurred by the District in the partition action, including attorneys' fees, be apportioned as allowed for in RCW 7.52.480." However, as discussed, the equity goal under RCW 7.52.480 recognizes the common benefit rule when friendly parties attempt to partition real property amicably. As discussed above, the dispute between the District and Fish was not amicable. Thus, the trial court abused its discretion by basing its decision on untenable grounds.[6]

## CONCLUSION

The trial court erred in awarding attorney fees and costs based on RCW 7.28.083(3) because that statute only allows attorney fees and costs to the prevailing party in an action asserting title to real property by adverse possession. Adverse possession of real property was not at issue in this case. The trial court also erred in awarding attorney fees related to the partition action because that action was adversarial and did not support the award of attorney fees under the common benefit rule.

---

[6] Because we reverse the trial court's award of partition fees, we do not reach Brett's alternative claim that the trial court abused its discretion as to the amount of partition fees by failing to determine if the fees were reasonable.

Because neither party is entitled to an award of attorney fees under RCW 7.52.480 or RCW 7.28.083(3), neither party is entitled to attorney fees on appeal. Accordingly, we reverse and deny both parties' request for attorney fees on appeal.

_____
Coburn, J.

WE CONCUR:

_____        _____
Mann, C.J.                                               Dwyer, J.