IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DIANA COLE CHERRY,<br><br>           Appellant,<br><br>           v.<br><br>MCKENNON LAW GROUP PC;<br>ROBERT J. MCKENNON; and<br>NICHOLAS A. WEST,<br><br>           Defendants,<br><br>WEYERHAEUSER COMPANY,<br><br>           Respondent. | No. 87028-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Diana Cole Cherry twice attempted to enforce pro se a California subpoena against Weyerhaeuser Company (Weyerhaeuser). The trial court concluded the subpoena was unenforceable and granted two requests from Weyerhaeuser for fees and costs associated with Cherry's attempts. In total, it ordered Cherry to pay Weyerhaeuser more than $27,000. Still pro se, she does not challenge the court's finding of unenforceability, the basis upon which it awarded fees, or the amounts, but claims only that Weyerhaeuser missed requisite deadlines for its cost bills. Because the record and relevant civil rules establish otherwise, we affirm.

## I. BACKGROUND

In March 2023, Cherry brought a lawsuit in California superior court against her former attorneys. The California superior court dismissed that lawsuit on October 20, 2023, although Cherry continued to file documents in that matter. Among such documents, Cherry apparently caused the court to issue a subpoena duces tecum to Weyerhaeuser for documents related to the annuity and life retirement trust plan of her late husband, who was an employee of Weyerhaeuser. Cherry then filed the present lawsuit in King County Superior Court and she attempted to enforce that foreign subpoena, first in March 2024 and then again in June 2024.

Specifically, she filed two motions in connection with the subpoena: to "compel discovery" and, after that was denied in April 2024, a "notice" for a discovery conference and sanctions, which was denied in July 2024. In the latter order, the court provided two reasons why it concluded the subpoena was invalid as a matter of law. First, the court held that Cherry had not sought permission from the court to issue a foreign subpoena, as required by RCW 5.56.010 for pro se litigants. Second, the court held that CR 45(a)(1)(B) requires any subpoena issued in Washington to have an active underlying case, which Cherry did not have.

In the first of two orders granting Weyerhaeuser fees and costs, the court awarded Weyerhaeuser $13,226.00, and, in the second order, it awarded an additional $14,544.94, finding "the first award of fees and costs has not deterred Ms. Cherry's filings." The court also deemed Cherry to be a vexatious litigant and

2

enjoined her from filing further papers with the court without prior approval.

## II.     ANALYSIS

### A.     The Awarded Fees

Cherry assigns several errors to the trial court's award of fees, but prevails on none of them.[1]

We first note that Cherry is a pro se litigant, and "a pro se litigant is held to the same standard as an attorney." *Kelsey v. Kelsey*, 179 Wn. App. 360, 368, 317 P.3d 1096 (2014).   Moreover, this court "will decide a case only on the basis of issues set forth by the parties in their briefs." RAP 12.1(a); *see also Orwick v. City of Seattle*, 103 Wn.2d 249, 256, 692 P.2d 793 (1984) (holding that a party should

---

[1] Weyerhaeuser argues that we should reject Cherry's appeal without reaching a review of its merits for several reasons, which we decline to adopt.  First, it argues we should strike Cherry's opening brief because it is incomprehensible and that we should decide the appeal on that basis alone.  We do not conclude it reaches that level of incomprehensibility. *See State v. Mode*, 55 Wn.2d 706, 710, 349 P.2d 727 (1960) (describing an entire opening brief as "a mixed up confused mass of verbi[age] . . . impossible . . . to intelligently answer.").  Second, Weyerhaeuser argues Cherry's designation of incomplete clerk's papers is so deficient it warrants dismissal under RAP 9.10.  That rule requires an appellant to make a good faith effort to provide those portions of the record necessary for presenting the issues raised on review.  We hold Weyerhaeuser has not established Cherry failed to comply with this requirement.  Third, Weyerhaeuser argues Cherry is time barred by RAP 2.4 from appealing the first of the court's two fee awards, because she did not file her notice of appeal within the 30 days afterward.  And, Weyerhaeuser avers, the late notice of appeal was not tolled by a subsequent motion for revision which she filed below because it claims it never received notice of that revision motion.  And it notes the record does not include an e-certificate of service for that motion.  But the case Weyerhaeuser relies upon did not toll a late notice of appeal where there was actual evidence in the record that service on a motion for reconsideration had been filed late. *See Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 368, 849 P.2d 1225 (1993).  No such affirmative evidence exists here, as to whether or not service on Cherry's revision motion was proper.   We therefore reach the merits of Cherry's appeal.

not "expect[] the court to research all possible theories of legal liability and apply them to the hypothetical facts. It is not the function of trial or appellate courts to do counsel's thinking and briefing."); *Port Susan Chapel of the Woods v. Port Susan Camping Club*, 50 Wn. App. 176, 188, 746 P.2d 816 (1987) ("It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit.").

Accordingly, we emphasize that Cherry does not assign error to the court's finding of the invalidity of the subpoena, the basis upon which it found the subpoena invalid or awarded fees, or the amounts. Nor does she challenge the trial court's determination she is a vexatious litigant. None of these issues are before us. Instead, as far as we can tell, Cherry asserts that Weyerhaeuser did not follow the required *process* for the court to impose the fees after Weyerhaeuser's motion for fees was granted. *See* Br. of Appellant at i, 3. That is, all of her assignments of error appear to rest upon the claim that Weyerhaeuser did not timely file its fees and costs bill.

Specifically, Cherry assigns error to the court for even considering the statement for fees because she claims Weyerhaeuser missed the filing deadline and did not request an extension. And she claims the court erred by granting them for the same reason, purporting that Weyerhaeuser's motions were untimely without any excuse to justify extension. Cherry raises another, seemingly equivalent, claim that the court erred by determining the judgment did not "'trigge[r]' CR 54(d)(2)," by which she appears to mean that the court wrongly determined the rule's deadlines did not apply.

CR 54(d)(2) states, "Claims for attorneys' fees and expenses . . . shall be made by motion . . . [and] the motion must be filed no later than 10 days after entry of judgment." Even if we assume without deciding that the rule applies here, the clerk's papers show Weyerhaeuser did file its cost bills, in the form of a motion requesting the fees, within 10 days of the court's orders awarding fees. As to the first order, the trial court ordered Cherry pay Weyerhaeuser fees on April 22, 2024, and Weyerhaeuser filed its cost bill for those fees and costs on May 2, 2024, 10 days later. As to the second order, the trial court ordered that Cherry pay additional fees on June 28, 2024, and Weyerhaeuser submitted its motion for that second set of fees on July 8, 2024, also 10 days later.

As a result, the appeal Cherry has advanced, which is based on the assertion Weyerhaeuser violated CR 54(d)(2)'s timing requirements for its requests, does not prevail.[2]

B.     Fees on Appeal

Finally, Weyerhaeuser asks us to impose additional fees on appeal, arguing that Cherry's appeal is frivolous.

Under RAP 18.9(a), a court may choose to award attorney's fees to a party

---

[2] Cherry also claims the court erred by declining to grant her motion for "reconsideration" to vacate the fees, and this claim also appears to be based on the same assertion of untimely filing. Whether or not Cherry actually moved for reconsideration, this final claimed error also fails because, given that the motions did comply with the rule, she does not show the court abused its discretion in granting them, as she must. *See In re Domestic Violence Prot. Order for Timaeus*, 34 Wn. App. 2d 670, 676, 574 P.3d 127 (2025) ("We review the denial of a motion for revision for an abuse of discretion"); *McCoy v. Kent Nursery, Inc.*, 163 Wn. App. 744, 758, 260 P.3d 967 (2011) ("[W]e review a trial court's denial of a motion for reconsideration for abuse of discretion.").

if the opposing party's appeal is frivolous. The threshold for deeming an appeal frivolous is a stringent one, and it is not met here. As this court has explained,

> An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal. All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant. An appeal that is affirmed simply because the arguments are rejected is not frivolous.

*In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013) (citing *Tiffany Family Trust Corp. v. City of Kent*, 155 Wn.2d 225, 241, 119 P.3d 325 (2005)).

Although the record shows that Weyerhaeuser filed its motions within the required timeframe, we cannot conclude, resolving all doubts in Cherry's favor, that the appeal is not so devoid of merit as to warrant sanctions. Moreover, RAP 18.9(a) is discretionary, and we decline to exercise our discretion to award additional fees.

Accordingly, Weyerhaeuser's request for fees under RAP 18.9 is denied.

## III.  CONCLUSION

We affirm.

Díaz, J.

WE CONCUR:

Feldman, J.